[Civ. No. 5560. Second Appellate District, Division One.—March 20, 1929.]

ROBERTA PAXTON LECKEY, Respondent, v. ANNA A. HOLST, Appellant.

J. D. Taggart and Timon E. Owens for Appellant.

N. B. Nelson for Respondent.

YORK, J.—Plaintiff, a real estate broker, brought this action to recover broker's commission. The defendant was the owner of property on Western Avenue in the city of Los Angeles, which she was desirous to improve with a building and to lease the same for a term of years. With this in mind, defendant (appellant here) made an oral agreement with plaintiff to secure a tenant for her property, whereupon the plaintiff introduced appellant to Sid Grauman, who wished to open a theater in the neighborhood of appellant's lot on Western Avenue. The appellant, in company with the plaintiff, called at the office of Mr. Grauman on April 1, 1921, and an agreement was executed by the terms of which appellant agreed to build a theater and lease it to Mr. Grauman for a period of fifteen years at a monthly

rental of $850. Mr. Grauman was to furnish certain equipment and the plans and specifications were to be subject to his approval.

On April 14, 1921, appellant made a contract with Arthur H. O'Brien, an architect, to furnish plans and specifications for the proposed theater building at an agreed price of $600, $500 of which was subsequently paid to him by appellant.

On May 31, 1921, plaintiff and appellant had a conference, at which time appellant asked plaintiff to pay her $350, which was commission due to her from plaintiff upon a prior transaction made between them. Plaintiff refused to make settlement of the $350, until appellant would give her note or a writing promising to pay plaintiff the $1,000 commission for the lease of the Western Avenue lot. After some discussion, an agreement was drawn whereby appellant agreed to pay plaintiff the sum of $1,000 "for her efforts in securing the lease. The said amount of $1,000 to be paid when agreement is signed or else to be paid $50 per month for a period of 22 months for first two years of the rental period, which begins when the theater is completed."

July 20, 1921, appellant signed an acceptance of the Edwards Building Company's proposal to erect a theater building on the Western Avenue lot.

On January 28, 1922, Sid Grauman paid appellant $500 to reimburse her for the amount she had paid to architect O'Brien for plans and specifications, whereupon appellant agreed to release Grauman from any obligation accruing under the agreement to lease of April 1, 1921, and he wrote the word "cancelled" across the face of same.

On February 4, 1925, plaintiff commenced this action. The trial court rendered judgment in favor of plaintiff and appellant appeals from such judgment.

Appellant contends that the writing of April 1, 1921, which was attached to and made a part of plaintiff's complaint and introduced in evidence as Plaintiff's Exhibit 1, is not only an insufficient memorandum to satisfy the statute of frauds (Civ. Code, sec. 1624, and Code Civ. Proc., sec. 1973), but is also insufficient to create a valid lease, for the reason that it is indefinite and uncertain in that it does not state when the term of the tenancy would begin and contained no agreement as to the character of the building to be erected, and that, therefore—since it fails to contain

all the vital and essential elements of a lease—is fatally defective and void.

■ Appellant maintains that in order for plaintiff to collect her commission, she must have been the procuring cause of securing a valid and enforceable lease between the appellant and the lessee. Unquestionably, the law is that a broker is the procuring cause of a transaction, when he has proved that he found a purchaser (or lessee) ready, able and willing to buy or lease the property upon the terms fixed, and either that he procured from that person a valid contract binding him to purchase or lease, *or that he brought the parties together,* thus enabling the lessor to secure a contract had he so desired. (4 Cal. Jur., p. 585, sec. 26, and cases there cited.)

■ Any doubt as to the sufficiency of the agreement of April 1, 1921, is resolved in favor of the respondent, because the appellant on May 31, 1921, at a time when she was negotiating with Mr. Grauman as to the plans and specifications of the theater building and before he had approved them or bound himself to proceed with the lease, signed the agreement promising to pay plaintiff $1,000 *for her efforts* in securing a tenant for the proposed building.

Appellant contends that the trial court erred in overruling her objection to the admission in evidence of the April 1st agreement on the ground that it was incompetent, irrelevant and immaterial, and maintains that, since the agreement did not contain all of the essential terms of a lease, expressed with such degree of certainty that it could be understood without recourse to parol evidence to show the intent of the parties as to the time the term should begin, it did not satisfy the statute of frauds and that this defect could not have been cured by plaintiff, even though appellant had made a more specific objection to its introduction into evidence. We believe this contention has been answered by the statements hereinbefore made.

Appellant contends that finding numbered 3 is not supported by the evidence. This finding is to the effect that respondent accepted employment and rendered services to appellant in securing a tenant on the terms and conditions acceptable to and accepted by appellant, and that thereupon appellant made an agreement with the tenant. Appellant

urges that such finding is dependent upon the sufficiency of the agreement of April 1, 1921, to constitute a lease.

The evidence conclusively shows that plaintiff brought appellant and Sid Grauman together to negotiate a lease, and that an agreement to lease was drawn. Plaintiff was not required to go further and the fact that the appellant and the proposed tenant executed a writing, which was not binding as between themselves, cannot affect plaintiff's right to recover her commission for the services, which she rendered. We are of the opinion that there is sufficient evidence in the record to support this finding of the trial court.

Appellant next contends that the finding of the trial court as to the account stated between the parties is not supported by the evidence. It was undisputed that the two parties had had prior business dealings, and that the plaintiff was indebted to the appellant in the sum of $350; that the appellant asked plaintiff to pay her this amount, but plaintiff refused to do so until appellant signed the writing of May 31st, in which she promised to pay plaintiff $1,000 for her efforts in securing a tenant for the proposed building. It is undoubtedly true that this writing is ambiguous as to the time and manner of payment, but an examination of the record will show that there was ample evidence to support the finding of the trial court as to an account stated between these parties.

Appellant maintains that the trial court erred in failing to find upon the affirmative allegation in the answer to the effect that plaintiff did not secure for the defendant any lessee or tenant, etc. We are of the opinion that finding numbered 3, which finds that plaintiff rendered services to the defendant in securing a tenant as lessee of said premises, etc., sufficiently covers this situation, so that no prejudice resulted because of failure to make a specific finding upon this point.

The judgment is therefore affirmed.

Houser, Acting P. J., and Crail, J., *pro tem.*, concurred.